**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE, WASHINGTON**

| | |
|---|---|
| VICTORIA SPANIOL,<br>Plaintiff,<br>v.<br>OUR REFLECTIONS, LLC, a foreign for-profit corporation,<br>Defendant. | **NO.**<br>**COMPLAINT FOR DAMAGES**<br>**JURY TRIAL DEMANDED** |

## I. JURISDICTION AND VENUE

1.1 This is an admiralty and maritime claim arising under the federal general maritime law of the United States as well as the Merchant Marine Act of 1920 (the "Jones Act"), 46 USC § 30104, *et seq*., and this Court has jurisdiction under the Savings to Suitors clause of 28 U.S.C. § 1333(1).

1.2 Venue is proper under 28 U.S.C. § 1391(b)(2) in that the subject accidents occurred while Plaintiff was on a vessel located in the territorial waters of Washington State and while the vessel was docked and home-ported in Seattle, Washington. Therefore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## II. PARTIES

2.1 Plaintiff, VICTORIA SPANIOL, was a seaman, crewmember, and/or business invitee



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

onboard the motor yacht M/Y REFLECTIONS. She was the Jones Act employee of the owner of said vessel, Defendant OUR REFLECTIONS, LLC. Plaintiff is a citizen of the state of New York.

2.2 Defendant OUR REFLECTIONS, LLC at all times material, is a foreign corporation(s) with a principal place of business in Visalia County, California. Defendant is a citizen of the state of California under 28 U.S.C. Sec. 1332 (c )(1).

2.3 Defendant OUR REFLECTIONS, LLC was Plaintiff's Jones Act employer and at all material times, and was required to provide, and/or undertook to provide Plaintiff's medical treatment, including maintenance and cure.

2.4 Defendant OUR REFLECTIONS, LLC was at all material times, the owner and operator of the Motor Yacht M/Y REFLECTIONS, a 1999 Christensen yacht measuring 124 feet.

## III. FACTUAL BACKGROUND

3.1 On or about June 3, 2019 Plaintiff dropped a jar of pickles while working as a chef on board the M/Y REFLECTIONS. She suffered a cut to her small toe on her left foot. The cut seemed to heal and she was given no immediate medical attention. Rather, she continued to work on said vessel despite her injury.

3.2 On or about July 14, 2019, Plaintiff slipped and fell on an exterior stairway of the M/Y REFLECTIONS, suffering a fracture to her 3rd metatarsal in her right foot. The stairway was unreasonably slippery and lacked any non-skid tape or other safety features to prevent a slip and fall. The stairway was also covered with accumulated salt and water, causing it to be unreasonably slippery. The stairway also lacked adequate handrails, so that Plaintiff was unable to stop her fall.

3.3 Plaintiff reported her July 14, 2019 injury to the master of the vessel. Rather than being provided medical care, she was summarily fired for allegedly drinking alcohol while on duty



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

on or about July 15, 2019, the day after her accident.

3.4 Plaintiff was then discharged from the vessel on July 15, 2019 without any medical care or maintenance in Seattle, Washington and had to make her own way to her home at the time, Ft. Lauderdale, Florida.

3.5 Plaintiff treated for her broken right foot on July 23, 2019 with Dr. Asfar Mushtaq in Ft. Lauderdale, Florida. She was diagnosed with a fracture and placed in a foot brace. During her visit, Dr. Mushtaq noted that Plaintiff's left small toe was numb and did not have movement. However, she received no treatment or diagnosis regarding her left foot at that time. Rather she was referred to an orthopedic specialist by Dr. Mushtaq.

3.6 Plaintiff treated with Dr. Michael Sassine, an orthopedist, on July 23, 2019 who placed her right foot in a cast. On July 31, 2019 Dr. Sassine recommended that Plaintiff undergo an MRI of her left foot to see if she needed surgery for her left toe. Plaintiff first discovered that she likely had a severed tendon of her left toe on July 31, 2019. Plaintiff continued to treat with Dr. Sassine for three more visits, until August 29, 2019. Dr. Sassine continued to recommend an MRI for Plaintiff's left foot and continued to treat her right foot with a bone stimulator. As of her last treatment with Dr. Sassine, she was still in a CAM boot. She was supposed to follow up in a week to continue her treatment.

3.7 Unfortunately Plaintiff was unable to work during this time and ran very low on money to support herself. She was therefore unable to continue her medical treatment. She attempted to request medical care and support from the Defendant but her calls were unreturned. At the time that she stopped treating in August, 2019, Plaintiff had never been declared at maximum medical cure for either her right foot injury nor for her left small toe injury.



Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

3.8 Plaintiff eventually hired counsel who, on January 3, 2020, requested Defendant provide Plaintiff maintenance and cure. Defendant responded on January 30, 2020 that Plaintiff was fired for cause and therefore was not entitled to maintenance and cure.

3.9 On March 4, 2020 Plaintiff's counsel again demanded maintenance and cure and informed Defendant of its duties under the general maritime law. Only at this point did Defendant begin to investigate Plaintiff's claims through an experienced maritime investigation company, which contacted Plaintiff through her attorneys on March 23, 2020. Even though Defendant's investigators had Plaintiff's medical records showing she was injured in the service of Defendant's vessel and that she needed more medical care, Defendant failed to provide Plaintiff medical care or support.

3.10 Finally, on June 4, 2020, after another letter from Plaintiff's counsel explaining Defendant's duties under the general maritime law, did Defendant approve Plaintiff to seek medical care and eventually paid her back due maintenance.

3.11 On June 8, 2020 Plaintiff treated with Dr. John Yu with continuing complaints to her left foot. During that visit, she also complained of reflux, tinnitus, back pain, neck pain, and numbness and weakness. She was also complaining of depression.

3.12 Dr. Yu, who specializes in foot and ankle injuries, instructed Plaintiff to follow up for her foot as needed. However, he did not declare her to be at maximum medical cure for her left foot and did not treat her at all for her right foot. He also did not follow up on her other disorders that she described at her visit.

3.13 Despite that Plaintiff was never declared to be at overall maximum medical improvement, Defendant failed to provide any follow up care to Plaintiff and failed to provide her



Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

any further maintenance.

3.14 Plaintiff again became destitute and was forced to relocate to upstate New York for a period of time where she was unable to seek medical care. She has recently started treating again for her foot injury and is seeking treatment for her neck and back, as well as counseling for her depression.

## IV. FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

4.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.14 as though set forth fully herein.

4.2 As Plaintiff's employer, Defendant had a duty to exercise reasonable care and to provide her with a safe place to work under the Jones Act.

4.3 As Plaintiff's employer, OUR REFLECTIONS, LLC, also had the duty to provide Plaintiff with prompt, proper, and adequate medical care under the Jones Act.

4.4 On or about July 14, 2019, the Defendant was negligent in one or more of the following respects:

a. Failing to provide Plaintiff a safe place to work, fit with proper and adequate walking surfaces;

b. Failing to keep the stairway where Plaintiff fell in proper repair and safe condition;

c. Failing to keep the stairway clear of slipping hazards;

d. Failing to warn Plaintiff of the slipping hazard on the stairway;

e. Failing to provide a vessel that was reasonably fit for its intended purpose;

f. Failing to provide prompt, proper, timely, and adequate medical treatment to Plaintiff after her alleged incident and injuries, which aggravated her injuries;



Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

g. Failing to have proper and adequate procedures in place with respect to providing medical care to crewmembers such as Plaintiff;

h. Failing to maintain non-slip on the stairway to reduce the risk of a slip and fall injury;

i. Allowing salt and water to accumulate on the stairway, increasing the risk of a slip and fall;

j. Failing to have adequate handrails or hand-holds sufficient to allow Plaintiff to break her fall; and

k. Other acts of negligence to be discovered and proven at trial.

4.5 Defendant knew of the above stated conditions or they existed for a sufficient length of time that Defendant should have known of them and had the opportunity to cure said unsafe conditions, but failed to do so.

4.6 As a direct and proximate result of Defendant's negligence, Plaintiff was caused to suffer severe bodily injury, pain and suffering, medical expenses, lost wages, mental pain and anguish.

## V. SECOND CAUSE OF ACTION - UNSEAWORTHINESS

5.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.14 as though set forth fully herein.

5.2 As the owner of the Vessel on which Plaintiff was assigned, Defendant OUR REFLECTIONS, LLC, had a duty to provide Plaintiff a seaworthy vessel, reasonably fit for its intended use.

5.3 The Vessel was unseaworthy in the following respects:

a. The Vessel was unsafe and unfit due to the conditions created by Defendant,



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

including but not limited to the slippery surface of the stairway;

b. The Vessel was unsafe and unfit due to the conditions of work which resulted in Plaintiff's injuries;

c. The Vessel was unsafe and unfit due to a lack of warnings in an area where Plaintiff was expected to walk alerting her to the presence of a slippery stairway;

d. The Vessel's crew was not properly trained, instructed, or supervised;

e. The Vessel did not have a fit crew;

f. The Vessel did not have a reasonably fit medical staff;

g. The Vessel was unsafe and unfit due to the inadequate handholds or handrails in the area where Plaintiff was expected to utilize the stairway in question;

h. The job methods and procedures were not reasonably fit for the intended purpose as it posed an unsafe method of operation and an unreasonable risk of injury;

i. Failure to have proper procedures in place to ensure that Plaintiff was physically fit to return to work after being injured, which aggravated Plaintiff's injuries and caused her additional pain and suffering and injury;

j. Lack of adequate medical care onboard the Vessel;

k. Lack of a safe working environment.

5.4 As a direct and proximate cause of the unseaworthiness of the Vessel, Plaintiff suffered severe bodily injury, pain and suffering, mental pain and anguish, and lost wages.

## VI. THIRD CAUSE OF ACTION – MAINTENANCE AND CURE

6.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.14 as though set forth fully herein.



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

6.2 Defendant OUR REFLECTIONS, LLC, through its agents, servants and/or employees, arbitrarily, capriciously, willfully and in bad faith did not take all reasonable steps to provide proper maintenance and cure.

6.3 Defendant, through its agents, servants and/or employees, acted in a callous and recalcitrant manner depriving Plaintiff of needed medical treatment, which aggravated her already serious injuries during the above-said time periods.

6.4 As a direct and proximate result of the Defendant, its agents and/or employees, failure to provide maintenance and cure, Plaintiff suffered severe bodily injury, pain and suffering, mental pain and anguish, and lost wages.

6.5 Defendant's failure to supply Plaintiff with full and proper maintenance and cure was willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman.

## VII. FOURTH CAUSE OF ACTION – JONES ACT FAILURE TO TREAT

7.1 Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.14 as though set forth fully herein.

7.2 On or about the previously stated dates, Plaintiff was employed by Defendant as a seaman and was a member of the crew of the vessel M/Y SILVER LINING. The vessel was in navigable waters of the United States.

7.3 Defendant had a duty to provide Plaintiff with prompt, proper and adequate medical care under the Jones Act, 46 USC § 30104, *et seq*.

7.4 Defendant, OUR REFLECTIONS, LLC, through its agents, servants and/or employees, negligently failed to promptly provide Plaintiff with proper, adequate, and complete medical care. This conduct includes, but is not limited to:



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

b. Defendant failing to provide Plaintiff medical care in a timely manner after her initial injury;

c. Defendant failing to provide Plaintiff medical care in a timely manner after she returned to work on the vessel;

d. Defendant failing to provide and/or arrange for Plaintiff to visit a medical specialist shoreside;

e. Defendant failing to treat Plaintiff's serious back and neck injuries which were diagnosed before she has been declared at overall maximum medical improvement;

f. Defendant failing to treat Plaintiff's tinnitus which was diagnosed before she has been declared at overall maximum medical improvement; and

g. Defendant failing to treat Plaintiff's depression which was diagnosed before she has been declared at overall maximum medical improvement.

7.5. As a direct and proximate result of the Defendant, its agents and/or employees, failure to provide prompt, proper, and adequate medical care, Plaintiff was caused to suffer severe bodily injury, pain and suffering, mental anguish, and lost wages.

## VIII. DEMAND FOR JURY TRIAL

8.1 Plaintiff demands a trial by jury as to all claims so triable and specifically asserts her rights under the Savings to Suitors Clause of 28 U.S.C. § 1333(1).

## PRAYER FOR RELIEF

Plaintiff requests that judgment be entered against Defendant as follows:

a. Awarding Plaintiff damages in an amount to be established at the time of trial.

b. Awarding Plaintiff actual and reasonable attorney's fees, litigation expenses, and



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

costs incurred in this action to the extent provided by law, and

c. Awarding Plaintiff any additional or further relief which the Court finds appropriate, equitable or just.

Dated this 13th day of July, 2022.

Anderson & Mitchell, PLLC

By [signature]
Wayne E. Mitchell, WSBA # 24347
Attorney for Plaintiff



**Anderson & Mitchell, PLLC**
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491